John H. MALLICK, an individual, et al., Plaintiffs,

v.

William J. USERY, Secretary of Labor, Defendant.

Civ. A. No. 76–930.

United States District Court, W. D. Pennsylvania.

March 3, 1977.

Ronald A. Berlin, Pittsburgh, Pa., for plaintiffs.

Judith Burghardt, U. S. Dept. of Labor, Plan Benefits Security Division, Washington, D. C., for defendant.

## OPINION

MARSH, District Judge.

This action is brought by two individuals who are members of both the International Brotherhood of Electrical Workers (IBEW) and the Brotherhood of Electrical Employ-

ees (BEE). BEE is also a party plaintiff. Plaintiffs' complaint was filed July 19, 1976, and amended November 2, 1976.

Plaintiffs seek a writ of mandamus under 28 U.S.C. § 1361 directing the defendant Secretary of Labor to immediately forward to the Attorney General any information concerning the Beaver County Electrical Employees Welfare Trust Fund which may warrant criminal prosecution of the trust fund administrator. The administrator allegedly violated the reporting requirements of the Welfare and Pension Plan Disclosure Act (WPPDA),[1] 29 U.S.C. §§ 304–308, by not reporting various information on forms prescribed by the United States Department of Labor. Plaintiffs rely upon Section 9(i) of WPPDA, 29 U.S.C. § 308, which provides:

"(i) The Secretary shall immediately forward to the Attorney General or his representative any information coming to his attention in the course of the administration of this chapter which may warrant consideration for criminal prosecution under the provisions of this chapter or other Federal law."

Plaintiffs also seek a writ of mandamus directing the defendant Secretary to make available to the plaintiffs the entire investigatory file the Department of Labor has compiled concerning the trust fund. Plaintiffs rely upon Section 504(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1134(a), which provides:

"The Secretary may make available to any person actually affected by any matter which is the subject of an investigation under this section, and to any department or agency of the United States, information concerning any matter which may be the subject of such investigation . . . ."

On November 18, 1976, defendant moved to dismiss plaintiffs' amended complaint and asserted as one of his grounds plaintiffs' failure to state any claims upon which relief could be granted. Rule 12(b)(6), Fed. R.Civ.P. Since both sides have filed affidavits, defendant's motion will be treated as one for summary judgment pursuant to Rule 56. The motion will be granted.

Viewing the facts in the light most favorable to the plaintiffs, we find that since 1955 the trust fund has operated to provide benefits to members of IBEW, Local 712. Contributions were made to the trust fund from the wages of plaintiffs Mallick and Chadwick and other members of BEE working within the jurisdiction of Local 712, and by their employers.

Both of the individual plaintiffs made unsuccessful attempts to obtain information concerning the fund from the Department of Labor and from the fund administrator.

On September 30, 1975, plaintiff Mallick wrote to William Kane, Area Director of the Labor Management Services Administration, United States Department of Labor, complaining of possible violations of the WPPDA by the administrator of the trust fund. On October 6, 1975, William Kane responded that he did not intend to act on Mallick's letter because the WPPDA was no longer in existence. Nonetheless, an investigation of the trust fund was initiated by the Department of Labor. On December 30, 1976, the Secretary of Labor filed a complaint in this court at Civil Action No. 76–1621 naming as defendants the trustees of the fund. In paragraph six of that complaint, the Secretary alleges these trustees were the "administrator" of the welfare trust fund within the meaning of Section 5(b) of WPPDA, 29 U.S.C. § 304(b), and asks, *inter alia,* that the trustees be ordered to: (1) file annual reports for 1973 and 1974; and (2) provide copies of trust fund documents to John H. Mallick and other trust fund participants who previously made a written request for such copies.

It is well settled that mandamus will not be granted unless all other available and adequate means of relief have been

**1.** 29 U.S.C. §§ 304–308. Although the WPPDA was repealed by the Employee Retirement Income Security Act, it continues to apply to any conduct and events which occurred before January 1, 1975. See 29 U.S.C. § 1031.

exhausted. *Grant v. Hogan,* 505 F.2d 1220, 1225 (3rd Cir. 1974); *Richardson v. United States,* 465 F.2d 844, 849 (3rd Cir. 1972), rev'd on other grounds 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). Here the alleged criminal conduct of the trust fund administrator is a willful failure to make publication of annual reports under Section 9 of WPPDA. Such conduct provides the pension plan participants with grounds for a lawsuit against the administrator.[2] The plaintiffs in this case qualify as participants, and thus a civil suit against the administrator is an adequate alternative remedy to mandamus.[3]

■ Plaintiffs have attempted to ground jurisdiction for this mandamus action on Section 9(g) of WPPDA and Section 502(k) of ERISA. Neither of these sections is apposite to the present case. Section 9(g) of WPPDA bestows jurisdiction over actions seeking prohibitive, not mandatory, injunctions.[4] Even if Section 9(g) were construed to encompass mandatory injunctions, plaintiffs would still have to show that no adequate remedy existed before mandamus could be granted. We have al-

ready determined that plaintiffs possess an adequate alternative remedy under Section 9(b) and (c) of WPPDA. Section 502(k) of ERISA is not appropriate to this action because plaintiffs are not seeking to compel the Secretary to take any action *required* under Subchapter I of ERISA.[5]

■ Plaintiffs' request for a writ of mandamus directing the defendant Secretary to furnish plaintiffs with the investigatory file compiled by the Department of Labor is blocked by the same obstacle which blocks their mandamus action based on Section 9(i) of WPPDA. Before mandamus is granted, plaintiffs must have exhausted all other available remedies. *Grant v. Hogan, supra; Richardson v. United States, supra.* Here plaintiffs may seek disclosure of the Department's investigatory file concerning the trust fund by a direct request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the related implementing regulations of the Department of Labor, 29 C.F.R. §§ 70.1–70.77 (1976). The mechanisms of FOIA provide an adequate alternative remedy to plaintiffs' mandamus action based on Section 504(a) of ERISA.

---

2. Section 9 of WPPDA, 29 U.S.C. § 308, provides in pertinent part:

"(a) Any person who willfully violates any provision of this chapter shall be fined not more than $1,000, or imprisoned not more than six months, or both.

"(b) Any administrator of a plan who fails or refuses, upon the written request of a participant or beneficiary covered by such plan, to make publication to him within thirty days of such request, in accordance with the provisions of section 307 of this title, of a description of the plan or an annual report containing the information required by sections 305 and 306 of this title, may in the court's discretion become liable to any such participant or beneficiary making such request in the amount of $50 a day from the date of such failure or refusal.

"(c) Action to recover such liability may be maintained in any court of competent jurisdiction by any participant or beneficiary. The court in such action may in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

3. Section 3(a)(6) of WPPDA, 29 U.S.C. § 302(a)(6), provides:

"The term 'participant' means any employee or former employee of an employer or any member of an employee organization who is or may become eligible to receive a benefit of any type from an employee welfare or pension benefit plan, or whose beneficiaries may be eligible to receive any such benefit."

4. Section 9(g) of WPPDA, 29 U.S.C. § 308(g), provides:

"(g) The United States district courts and the United States courts of any place subject to the jurisdiction of the United States shall have jurisdiction, for cause shown, to restrain violations of this chapter."

5. Section 502(k) of ERISA, 29 U.S.C. § 1132(k), provides:

"(k) Suits by an administrator, fiduciary, participant, or beneficiary of an employee benefit plan to review a final order of the Secretary, to restrain the Secretary from taking any action contrary to the provisions of this Act, *or to compel him to take action required under this subchapter,* may be brought in the district court of the United States for the district where the plan has its principal office, or in the United States District Court for the District of Columbia." (Emphasis supplied).

We conclude that no genuine issue of material fact exists and that the Secretary of Labor is entitled to summary judgment as a matter of law.

An appropriate order will be entered.